

FEB 08 2023

Clerk, U.S. District Court
By: ~~Mrs~~ ~~Deputy Clerk~~

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| Quinn Ngiendo, | ) Civil Case No. ~~5:21-cv-04077-HLT-JPO~~ NG |
| Plaintiff | ) 23-4010-JWB-RES |
| v. | ) COMPLAINT |
| First Transit, Inc. | ) |
| Defendants | ) |

Plaintiff, Quinn Ngiendo, is a resident of Kansas, Douglas County, as of time of this incident of November 09, 2019.

Defendant, First Transit, Inc. was, on November 09, 2019, a Corporation organized and existing under the laws of State of State of Delaware, with its principal office located in Cincinnati, Ohio, and was on that date engaged in the business as a common carrier of transporting passengers for hire including the City of Lawrence, Kansas where plaintiff was involved in an accident.

On the dates last mentioned above, plaintiff was riding as a fare-paying passenger in a bus owned by defendant and driven and operated by defendant's agent, or employee whose names are unknown at this time, in a W 27th Street direction on and along a Naismith Valley Park, in the City of Lawrence, Douglas County, State of Kansas.

Upon boarding the bus, defendant servant the driver, was heard telling two passengers is new in the area and does not want to be asked questions where bus goes to and was just fill-in.

An African-American female without any physical defects and was very health appearing, of mid heavyset built and about 5.6 ft., also stated to passengers had not eaten lunch yet and was very hungry, had been driving the bus for a while without a break, this was around 2.30 pm.

As passengers stopped asking her about the routes that routinely passengers ask drivers about locations they are travelling but new to, she got into the bus and started the bus very fast and sped off, while still complaining to herself had not had employee-lunch break and was very

starving and had been driving for a long time without such a break, that at one point plaintiff wanted to alight from the bus seeing such attitude and the reckless handling of the bus.

Plaintiff constantly grabbed with her hands and hanged onto a seat's top in front of her that were unoccupied, as the bus kept driving rough and with a driver who appeared low in morale, distressed by hunger and delayed employee lunch break and also substituting on a route unfamiliar with interstate/intercity from "Metro Transit KC" (Kansas City).

Defendant a common carrier, also a nationwide operative that conducts businesses of light rails, buses and the Greyhound interstate traveling.

She then leads passengers on a reckless ride onto the W 27th Street direction traffic that cuts through the stretchy Naismith Valley Park, in the City of Lawrence, Kansas leaving from the 6th and Vermont inbound bus depot to outbound to W 31st Iowa Street, that would be the last bus stop where plaintiff was connecting to another bus home that would be the bus route No. 9.

Bus Route No. 7 she was driving is a regular route that passes through the stretchy Naismith Valley Trails & Park running in the middle and dividing it both sides by the passing through traffic that is the W 27th Street where accident happened, there was a 10 miles per hour, reduced speed limit warning mounted onto an erected standalone sign and without any other distracting signs, and was crossed by two red little flags to flag down motorists onto the reduced speed limit.

The reduces speed limit warns of an enforced speed bump that's a barrier constructed on the roadway to slow down traffic, and  spans both side of the park & trail, and with a non-compliance of being thrown off the seat and vehicle flown too depending on speed that plaintiff went back to scene of accident to investigate highway, and made observations.

Scene of accident, is frequented via the W 27th Street's sidewalk by little kids on foot to and from the residential area to the Arrowhead Elementary School where approaching traffic on

such intersection with another roadway, causes them to go through a built tunnel that gets them inside the school compound as a safety precaution.

Defendant through servant failing to watch for speed limit of 10 mph, flew up the bus colliding with the bump, driving at a high speed about 45 mph and even admitting to it, that she thought she did more speed than that, and stated did not see reduced speed limit, nor noticed the bump, giving excuse not familiar with the area and is substitute, and plaintiff was flown by the impact of a small size bus No. 7 with very heavy chassis at the front that went head down and lifted the bottom out high where she was seated causing her to flew from a seating position onto the bus floor injuring several body parts and body amass in personal injury.

Defendant servant then keeps driving and knowing has caused an accident, and belligerently turns her head around to ask plaintiff, if she wanted her to stop the bus while I was crying out to her loud to stop the bus and was going to kill me and kept driving a little ways and then stops the bus.

I demand for an ambulance that instead she calls a supervisor who coercively dispenses a pain medication of 800 mg that would conceal her pains, before calling an ambulance delaying her treatment.

The bus driver while waiting for the supervisor, pulls out lunch at the scene of accident and stated had been hungry and could now take a little break and eat her lunch and that had been starving as plaintiff still on the bus floor writhing in pain and bleeding with belongings strewn everywhere and her new cellphone totaled.

Bus Driver tells plaintiff that is not used to the area and is out from "KC" (Kansas City) repeatedly so as to bother plaintiff to ask if she watched for the road signs and speed limit and how t had to do with being new in the area, and states "KC" "buses" drives there fast, and sometimes

drivers just don't have time for passengers, insinuating about earlier conversation passengers asking for the route, and that "KC" bigger city you know", and escalating it that she is a "highway driver baby, who hits 70 mph driving greyhound", that metro transit also owns that plaintiff discovers so, and that not used to driving in rural likes of Lawrence.

Defendant Corporation, through its agent and employee, mentioned above, operate its bus in a reckless and negligent manner so as to cause it to strike and collide with a speed bump at a reduced speed school-residential area

The negligence of defendant consisted, inter alia, in; (a). Failure to keep and maintain a lookout for road conditions, roadway signs and reduced speed limits. (b). Driving the bus at an excessive rate of speed.

And as a direct and proximate result of defendant's servant failures to control the bus and watch for posted reduced speed limit in a critical school-residential area, plaintiff sustained several personal injuries that's not limited to and including to Neck(soft tissue);back (soft tissue); several mixed L5-S1 disc bulges; several disc protrusions; several C1-C7 cervical spine bulges and protrusions; weakness and spinal dysfunction of bilateral arms, shoulders and hands; ankylosing spondylitis; bladder and bowel dysfunction; chest pain; flank pain; swallowing disorder and constant choking on food; spondylitis; shoulder (soft tissue); traumatic brain injury; migraine headaches; differential headaches; thoracic, bilateral pelvic and hips, bilateral knees with contusion to right knee; Lumbar spondylosis; bilateral sacroiliac joint, bilateral piriformis; Coccyx; bilateral lumbar-radiculopathy; degenerative disc diseases; gluteus; musculoskeletal; fibromyalgia; temporomandibular joint (TJM); musculoskeletal; other spinal injuries, severe head pain and pressure, worsening vertigos, aggravated major depression disorder, paranoia from riding public transportation and travels, deformity and others to be discovered at trial.

Plaintiff's proximate causes of such injuries, defendant failures to train, negligent hire, failure to supervise, intentional retention and failures to provide for employee mandatory federal breaks to have lunch.

Plaintiff has suffered pain, continues to suffer pain and will continue to suffer pain and disabilities for indefinite period of time. Plaintiff has been treated for these conditions in the past, continues such treatments and will continue them in the future. She will require invasive surgeries to correct most of these injuries including worsening vertigos and spinal injuries involved.

Plaintiff has a federal actuarial life span of 80 years, her remaining 30 years will be disrupted with residual pains including arthritis, complicity complications arising from the accident including calcification in the spine requiring occasional surgical correction and plaintiff an informed and educated patient by her providers.

She does not and will continue to endure, an atmospheric pressures weather sensitive to her body amass impacted by the accident, she will not have quality enjoyment of life if she did not have this accident with worsening traumatic brain injuries amongst others, is yet to bear her first child and bring up a family, and offspring and father will be impacted by her poor quality of life.

By reason of these injuries, plaintiff has suffered permanent disabilities, deformities, diminished capacity to earn to support self as plaintiff is a former founder of a Corporation by the names "Elite Group, Inc.," she all formed by herself, she is unable to perform her duties, and has also been obliged to spend large sums of money for medicine and medical attention to her total damage in an amount that will be proved at the trial of this action.

WHEREFORE, plaintiff requests judgement against defendant for the following:

General damages according to proof; Special damages for medical and related expenses according to proof; Damages for loss of earnings according to proof; Interest on such damages

awarded according to law from the date of judgement until paid; Costs of this action; and Such other and further relief as the court deems just and proper.

Dated this February 03, 2023

Respectfully submitted
s/Quinn Ngiendo
Quinn Ngiendo
General Delivery
Minneapolis, MN 55440
Telephone: 785-979-6150
Email: focusidealogist@aol.com